UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

98-60562
_____

DAWSON PRODUCTION SERVICES,

Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW
COMMISSION; ALEXIS M. HERMAN, SECRETARY
OF LABOR, U.S. DEPARTMENT OF LABOR,

Respondents.

_____

Petition for Review of an Order of the
Occupational Safety and Health Review Commission
(97-1898)
_____

January 6, 2000

Before POLITZ, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dawson Production Service (Dawson), seeks review of the final order of the Occupational Safety and Health Review Commission (Commission). The decision and order at issue was rendered by a Commission Administrative Law Judge, James H. Barkly. Judge Barkly's decision became a final order of the Commission when no member of the Commission directed review of Judge Barkley's decision. *See* 29 U.S.C. § 661(j). Specifically, petitioner seeks to vacate the decision that Dawson failed to protect its employees from a recognized hazard within the oil and gas well drilling and servicing industry when it disregarded the manufacturer's recommendation for deployment of guy lines to stabilize an oil rig

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in order to prevent collapse. Dawson contends that (1) it was not given proper notice of its citation for a serious violation of the Occupational Safety and Health Act of 1970, (2) substantial evidence does not support the violation found by the ALJ, and (3) the ALJ abused its discretion in admitting the expert testimony of a consulting engineer. After a careful review and consideration of the record, the briefs, and arguments advanced at submission, we deny the petition for review for the following reasons:

1.  The notice issue was not raised by Dawson in its petition for discretionary review of the ALJ decision to the Commission and no extraordinary circumstances for failure to raise the issue has been shown (see 29 U.S.C. § 660(a)), nor has Dawson claimed that the notice issue was sufficiently obvious from the record to justify our review.

2.  There is substantial evidence in the record before the ALJ to support the violation found by the ALJ.

3.  The ALJ did not abuse its discretion allowing the testimony of the witness Luttgen.

The petition for review is DENIED.[2]

---

[2]The respondents' motion to strike a portion of Dawson's post-argument letter is DENIED.

2